IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **LARKEEM BROASTER,** : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | CIVIL ACTION |
| : | |
| SUPERINTENDENT SCI HOUTZDALE, : | |
| THE DISTRICT ATTORNEY OF THE : | NO. 10-3591 |
| COUNTY OF PHILADELPHIA, SETH : | |
| WILLIAMS, and THE ATTORNEY : | |
| GENERAL OF THE STATE OF : | |
| PENNSYLVANIA, THOMAS CORBETT, : | |
| : | |
| Respondents. | |

## ORDER

**AND NOW**, this 4th day of August 2011, upon consideration of petitioner Larkeem Broaster's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Documents No. 1, 2, filed July 22, 2010), the related submissions of the parties, the record in this case, the Report and Recommendation ("R & R") of United States Magistrate Judge Carol Sandra Moore Wells dated February 25, 2011 (Document No. 20, filed February 25, 2011), Petitioner's Objections to the R & R (Document No. 23, filed April 15, 2011), and respondents' Response to Petitioner's Objections (Document No. 24, filed May 9, 2011), for the reasons set forth in the Memorandum dated August 4, 2011, **IT IS ORDERED** as follows:

1.  The Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **CONDITIONALLY GRANTED** on the ground that trial counsel was ineffective for failing to object to improper jury instructions regarding the inferences the jury could draw from petitioner's possession—three months after the murder—of a different handgun of the same

1

caliber as the murder weapon;

2.  That part of the Petition which seeks relief on the ground that trial counsel was ineffective for failing to object to the failure of the court to give a jury instruction specifically addressing witness Orlando O'Neal's credibility in light of his pending robbery charge at the time he made inculpatory statements against petitioner is **DENIED**; and

3.  Petitioner has withdrawn that part of the Petition which seeks relief on the ground that trial counsel was ineffective for failing to object to the portion of the state court's concluding instructions which described petitioner's exercise of his Fifth Amendment right as a "failure" to testify. Accordingly, that claim is **MARKED "WITHDRAWN"**; and

4.  Petitioner's conviction and sentence are **VACATED**. Respondents shall **RELEASE** petitioner from custody unless he is retried within 180 days of the date of this Order.

**IT IS FURTHER ORDERED** that:

1.  The R & R of United States Magistrate Judge Carol Sandra Moore Wells dated February 25, 2011, is **APPROVED IN PART AND REJECTED IN PART**, as follows:

    a.  Those parts of the R & R relating to Grounds One and Three of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 are **APPROVED** and **ADOPTED** as **MODIFIED** in this Order and accompanying Memorandum; and

    b.  That part of the R & R relating to Ground Two of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **REJECTED**;

2.  Petitioner's Objections to the R & R are **OVERRULED IN PART AND SUSTAINED IN PART**, as follows:

    a.  That part of the Objections relating to Ground One of the Petition for Writ

of Habeas Corpus Under 28 U.S.C. § 2254 is **OVERRULED**; and

b. That part of the Objections relating to Ground Two of the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 is **SUSTAINED**.

              **BY THE COURT:**

              */s/ Jan E. DuBois*

              **JAN E. DUBOIS, J.**